Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Kelsey L. Kuberka (SBN 321619)
Tom E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@ toddflaw.com
abacon@ toddflaw.com
kkuberka@toddflaw.com
twheeler@toddflaw.com
**Attorneys for Plaintiff**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MEGHAN HIBERT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MIDLAND CREDIT MANAGEMENT, INC., and DOES 1 through 10, inclusive, and each of them,<br><br>Defendant. | Case No.: 3:19-CV-00637-CAB-AGS<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff MEGHAN HIBERT ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following against Defendant MIDLAND CREDIT MANAGEMENT, INC. upon information and belief based upon personal knowledge:

## INTRODUCTION

1.    Plaintiff's Class Action Complaint is brought pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").

2.     Plaintiff, individually, and on behalf of all others similarly situated, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant  in negligently, knowingly, and/or willfully contacting Plaintiff no Plaintiff's cellular telephone, thereby the TCPA, 47 U.S.C. § 227.  Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

3.     In addition to Plaintiff's Class Claims, Plaintiff also brings an action for damages as an individual consumer for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal Civ. Code §1788, et seq. (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

4.     Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a Delaware company that does business in the state of California.  Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction.  Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

5.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's claims arising under the FDCPA, 15 U.S.C. § 1692, *et seq.*. Ancillary to this claim, this Court has jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiff's claims arising under the RFDCPA, Cal. Civ. Code § 1788, *et seq.*.

6.     Venue is proper in the United States District Court for the Southern District of California pursuant to *28 U.S.C. § 1391(b)(2)* because Defendant does business within the State of California and Plaintiff resides within this District.

## PARTIES

7.     Plaintiff, MEGHAN HIBERT ("PLAINTIFF"), is a natural person residing in San Diego County in the state of California, and is a "person" as defined by 47 U.S.C. § 153(39).  Furthermore, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and a "debtor" as defined by the RFDCPA, Cal. Civ. Code § 1788.2(h).

8.     At all relevant times herein, DEFENDANT, MIDLAND CREDIT MANAGEMENT, INC. ("DEFENDANT"), is debt collection company, and is a "person" as defined by 47 U.S.C. § 153(39). Furthermore, Defendant, at all relevant times herein, was a company engaged, by use of the mails and telephone, in the business of collecting a debt from PLAINTIFF which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5).  DEFENDANT regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6) and the RFDCPA, Cal. Civ. Code § 1788.2(c).

9.     The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

10.     Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or

employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## **FACTUAL ALLEGATIONS – TCPA**

11.    Beginning in or around March of 2018, Defendant contacted Plaintiff on her cellular telephone number ending in -5448, in an effort to collect an alleged debt owed from Plaintiff.

12.    Defendant called Plaintiff from telephone numbers confirmed to belong to Defendant, including without limitation (858) 505-1237.

13.    Each of Defendant's calls originated in the same manner: Plaintiff would answer the call, Plaintiff would not be immediately greeted. Instead, after a significant pause, a live person would then join the call.

14.    Plaintiff further alleges these calls were in rapid succession, including multiple calls per day.

15.    Plaintiff is informed and believes, and based thereon alleges Defendant used an "automatic telephone dialing system," as defined by *47 U.S.C. § 227(a)(1)* to place its daily calls to Plaintiff seeking to collect an alleged debt owed.

16.    Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

17.    Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

18.    During all relevant times, Defendant did not possess Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.    Furthermore, Plaintiff orally revoked any and all consent to be contacted using an automated telephone dialing system, to the extent any ever

existed.

## **FACTUAL ALLEGATIONS – FDCPA**

19.     In addition to the facts pled above, at various times prior to the filing of the instant complaint, including within one year preceding the filing of this complaint, DEFENDANT contacted PLAINTIFF in an attempt to collect an alleged outstanding debt.

20.     On or about March of 2018, Plaintiff began receiving numerous calls from Defendant.

21.     Each of these calls were made to Plaintiff in connection with collection on an alleged debt.

22.     On several occasions, Plaintiff told Defendant to stop calling her, but Defendant continued to call.

23.     DEFENDANT'S conduct violated the FDCPA and RFDCPA in multiple ways, including but not limited to:

   a.  Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal. Civ. Code § 1788.11(d));

   b.  Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal. Civ. Code § 1788.11(e));

   c.  Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (15 U.S.C. § 1692d(5));

   d.  Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (15 U.S.C. § 1692c(a)(1)); and

   e.  Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (15 U.S.C. § 1692d)).

24.     As a result of the above violations of the FDCPA and RFDCPA,

Plaintiff suffered and continues to suffer injury to PLAINTIFF'S feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and DEFENDANT is liable to PLAINTIFF for PLAINTIFF'S actual damages, statutory damages, and costs and attorney's fees.

## CLASS ACTION ALLEGATIONS

25.   Plaintiff brings this action individually and on behalf of all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

26.   Plaintiff represents, and is a member of, The Class, consisting of All persons within the United States who received any collection telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

27.   Defendant, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more.   Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

28.   The Class is so numerous that the individual joinder of all of its members is impractical.   While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that

The Class includes thousands of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

29. Plaintiff and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Class members.

30. Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

      a. Whether, within the four years prior to the filing of this Complaint, Defendant made any collection call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

      b. Whether Plaintiff and the Class members were damages thereby, and the extent of damages for such violation; and

      c. Whether Defendant should be enjoined from engaging in such conduct in the future.

31. As a person that received numerous collection calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The Class.

32.     Plaintiff will fairly and adequately protect the interests of the members of The Class.  Plaintiff has retained attorneys experienced in the prosecution of class actions.

33.     A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

34.     The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

35.     Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of The Class as a whole.

### FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227** *et seq.*

***By Plaintiff, on behalf of all Class Members***

36.     Plaintiff repeats and incorporates by reference into this cause of action all the allegations set forth above.

37.    The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

38.    As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq*., Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

39.    Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act 47 U.S.C. §227 *et seq*.**

*By Plaintiff, on behalf of all Class Members*

40.    Plaintiff repeats and incorporates by reference into this cause of action all the allegations set forth above.

41.    The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

42.    As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

43.    Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

///
///
///
///

## THIRD CAUSE OF ACTION

**Violations of the Federal Fair Debt Collection Practices Act**

**15 U.S.C. § 1692 *et seq*.**

***By Plaintiff, Individually***

44.     Plaintiff repeats and incorporates by reference into this cause of action all the allegations set forth above.

45.     To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## FOURTH CAUSE OF ACTION

**Violations of the Rosenthal Fair Debt Collection Practices Act**

**Cal. Civ. Code § 1788 *et seq*.**

***By Plaintiff, Individually***

46.     Plaintiff repeats and incorporates by reference into this cause of action all the allegations set forth above.

47.     To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## FIRST CAUSE OF ACTION

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*.

- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for

each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.

• Any and all other relief that the Court deems just and proper.

## **THIRD CAUSE OF ACTION**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

        A.     Actual damages;

        B.     Statutory damages for willful and negligent violations;

        C.     Costs and reasonable attorney's fees,

        D.     For such other and further relief as may be just and proper.

## **FOURTH CAUSE OF ACTION**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

        A.     Actual damages;

        B.     Statutory damages for willful and negligent violations;

        C.     Costs and reasonable attorney's fees,

        D.     For such other and further relief as may be just and proper.

## **TRIAL BY JURY**

48.    Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


Respectfully submitted this 3rd day of June, 2019.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.


By:    /s/ Todd M. Friedman
         Todd M. Friedman
         Law Offices of Todd M. Friedman
         Attorney for Plaintiff

Filed electronically on this 3rd Day of June, 2019, with:

United States District Court CM/ECF system

Notification sent electronically via the Court's ECF system to:

Honorable Judge Cathy Ann Bencivengo
United States District Court
Southern District of California

And all counsel of record.

This 3rd Day of June, 2019

s/Todd M. Friedman, Esq.
TODD M. FRIEDMAN